IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER FRITZ,

      Plaintiff,                                       No. CIV S-08-2340 LKK DAD PS

    vs.

JOHN E. POTTER, Postmaster General,      ORDER
United States Postal Service,

      Defendant.
_____/

        Plaintiff, proceeding pro se, has requested leave to proceed with this case in forma pauperis pursuant to 28 U.S.C. § 1915. The proceeding has been referred to the undersigned pursuant to Local Rule 72-302(21) and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a)(1). Plaintiff's request for leave to proceed in forma pauperis will therefore be granted.

        The determination that plaintiff may proceed in forma pauperis does not complete the inquiry required by the statute. Pursuant to 28 U.S.C. § 1915(e)(2), the court is required to dismiss the case at any time if the allegation of poverty is found to be untrue or if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. A complaint is legally frivolous

1

when it lacks an arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1974 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  The court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).

The present complaint arises from a settlement agreement approved in a class action that proceeded before the Equal Employment Opportunity Commission, Chandler Glover & Dean Albrecht, et al. v. John E. Potter, Postmaster General, United States Postal Service, EEOC No. 320-A2-8011X, Agency No. CC-801-0015-99.  Plaintiff Peter Fritz, a class member dissatisfied with the settlement, pursued an administrative appeal.  In this action, plaintiff seeks compensatory and punitive damages considerably larger than those he would have received from the settlement.

Plaintiff's pro se complaint includes a copy of the first page of a right-to-sue letter issued in Appeal No. 0120082101 for Stanley J. Rice, another dissatisfied class member, and five pages of a right-to-sue letter issued in Appeal No. 0120082080.[1]  Three additional exhibits

---

[1] The court's finding is based on the fact that the appeal number is shown on each page of the document.

1  attached to plaintiff Fritz's complaint concern Stanley Rice:  a letter dated April 25, 2008, from
2  Stanley Rice to the Director of the EEOC Office of Federal Operations; a form titled "U.S. Postal
3  Service Assignment Order" dated September 4, 1992; and a form titled "Federal Employee's
4  Notice of Traumatic Injury and Claim for Continuation of Pay/Compensation" dated October 1,
5  1992, with an attached exhibit.  The remaining exhibits appear to be relevant to plaintiff Fritz's
6  case.  However, the civil cover sheet submitted for filing in this case bears the name and address
7  of Stanley Rice.

8        The court's own records reveal that Stanley Rice filed a complaint in the United
9  States District Court for the Eastern District of California, Stanley Rice v. John E. Potter, case
10 No. CIV S-08-2338 GEB KJM PS, on the same date that plaintiff Fritz filed his complaint.  The
11 court takes judicial notice of the documents filed by plaintiff Rice[2] and finds that his complaint
12 includes a complete copy of the right-to-sue letter issued in Appeal No. 0120082080.  The
13 heading of the document reflects that the complainant in that appeal was Peter G. Fritz.

14        Plaintiff Fritz will be required to file an amended complaint that includes as an
15 exhibit a complete copy of the right-to-sue letter issued to him in Appeal No. 0120082080.  All
16 pages of the exhibit must reflect the correct appeal number.  All other supporting documents
17 pertaining to the claim of Stanley Rice must be replaced with documents that support plaintiff
18 Fritz's claim, and the amended complaint must also include a civil cover sheet prepared by
19 plaintiff Fritz.

20        An amended complaint must be complete in itself and may not require reference
21 to a prior pleading to make the amended complaint complete.  Local Rule 15-220.  Plaintiff's
22 amended complaint will supersede his original complaint, see Loux v. Rhay, 375 F.2d 55, 57 (9th
23 Cir. 1967), and his original complaint will no longer serve any function in this case.  Plaintiff is
24 thus required to attach to his amended complaint copies of all exhibits that were properly

---

[2] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

attached to the original complaint, including the documents titled "Agency's Oppostion [sic] to Appeals of Commission's Approval of the Global Settlement Agreement," "Notice of Final Action on Final Approval of the Global Settlement Agreement," and "Global Settlement Agreement Modifying Initial Settlement Agreement." Plaintiff should ensure that all pages of these documents are in the proper order.

Finally, plaintiff is directed to delete from the caption of his amended complaint and all documents subsequently filed in this action the names of the two class representatives, as they are not plaintiffs in this action.

Upon plaintiff's filing of an amended complaint that complies with this order, the court will issue an order concerning service of process. Plaintiff is forewarned that failure to file an amended complaint that comports with this order may result in a recommendation that this action be dismissed for failure to comply with court orders and applicable rules. See Local Rule 11-110. If plaintiff requires additional time to comply with this order, he must request an extension of time prior to the deadline set by this order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application (Doc. No. 2) to proceed in forma pauperis is granted;

2. Plaintiff's complaint (Doc. No. 1) is dismissed with leave to amend; and

3. Plaintiff is granted thirty days from the date of this order to file an amended complaint that complies with this order; the amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint."

DATED: November 10, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
DDad1\orders.prose\fritz2340.ifp.lta

4