IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER FRITZ,

    Plaintiff,

vs.

JOHN E. POTTER, Postmaster
General, United States Postal Service,

    Defendant.
_____/

No. CIV S-08-2340 LKK DAD PS

ORDER

        This matter came before the court on April 24, 2009, for hearing on defendant's motion to dismiss plaintiff's amended complaint. Plaintiff Peter G. Fritz, proceeding pro se, appeared on his own behalf. Assistant United States Attorney Todd Pickles appeared for the defendant Postmaster General of the United States.

BACKGROUND

        Plaintiff, proceeding pro se, brought this action by filing his complaint on October 3, 2008. Upon granting plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, the court dismissed the complaint with leave to amend. On December 8, 2008, plaintiff filed the amended complaint which is the operative pleading in this action. The body of the amended complaint is but two pages in length; however, plaintiff has attached a number of documents thereto. In his amended complaint, plaintiff alleges that he is entitled to relief under a

1

class action settlement agreement reached between the United States Postal Service (USPS) and a class of plaintiffs made up of persons employed by the USPS from 1992 through 2003 who, while in permanent rehabilitation positions, were allegedly denied promotions or advancement opportunities due to discrimination on the basis of their disabilities. Plaintiff alleges that he was offered the sum of $3,029 as part of the class action settlement but "rejected the offer" as unreasonable. (Am. Compl. at 2.) Plaintiff seeks $195,000 in compensatory damages, $100,000 in other damages due to lost retirement pay and costs and attorneys fees. (Id. at 1-2.)

According to documents attached to the amended complaint, plaintiff was a putative member of the plaintiff class in the EEOC proceeding entitled <u>Glover & Albrecht v. Postmaster General</u>. (Am. Compl., Ex. B.) On May 23, 2007, the USPS entered into a Global Settlement Agreement Modifying the Initial Settlement Agreement in that action. (Am. Compl., Ex. F.) Under the Global Settlement Agreement, each class member who filed a claim form which was not dismissed, was eligible for a settlement share in an amount determined pursuant to a distribution plan calculated by class counsel's statistical expert. (Id.) Plaintiff, along with other class members, filed timely objections to the Global Settlement. (Am. Compl., Ex. F at 3.) Nonetheless, on February 14, 2008, the assigned Administrative Law Judge (ALJ) approved the Global Settlement finding it to be a fair resolution of the claims. (Id., Ex. E.) Plaintiff appealed the ALJ's decision to the EEOC, asserting again that his settlement share was not properly calculated along with other objections regarding the distribution of settlement funds. (Id., Ex. C.) The EEOC rejected petitioner's appeal and approved the settlement, finding that none of petitioner's objections called into question the basic fairness of the Global Settlement that had been approved. (Id. Ex. E at 4.)

ARGUMENTS OF THE PARTIES

Defendant characterizes plaintiff's claim as one that he is entitled to more than $3,029 under the Global Settlement Agreement. In moving to dismiss, defendant first argues that this court lacks jurisdiction over plaintiff's claim since judicial enforcement of the settlement

is not available to him. (MTD at 6.) Defendant argues that courts have held that judicial enforcement of the settlement agreement is not an option available to a plaintiff in circumstances such as these. (Id.) (citing Frahm v. O'Neill, 492 F.3d 258, 262 (4th Cir. 2007) and Lindstrom v. United States, 510 F.3d 1191, 1994 (10th Cir. 2007)). Likewise, defendant argues, the court lacks jurisdiction to review the EEOC's rejection of plaintiff's objections to the Global Settlement. Specifically, defendant's counsel argues that he has been unable to locate any case law "discussing a district court's jurisdiction to hear a challenge to an order of the EEOC approving a class action settlement." (Id. at 6.) Defendant also argues that plaintiff has failed to state any cognizable claim for relief since there is no authority for the proposition that one has a private right of action to litigate in federal court the share of a class settlement that one is entitled to. (Id. at 8-9.) Finally, defendant argues that any substantive discrimination claim that plaintiff could have once brought was time-barred long ago since the discrimination he claims to have suffered from took place in 1992. (Id. at 9-10.)

Plaintiff opposes the motion based upon a simple argument. Plaintiff notes that in rejecting his objections to the Global Settlement, the EEOC sent him a notice which stated in pertinent part: "You have the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date you receive this decision." (Opp'n, Attach.)[1] Plaintiff asserts that he filed this action within the ninety-day limitations period identified in both the notice and the EEOC's decision. Plaintiff contends that he was entitled to at least $195,000 in compensatory damages based upon the USPS discriminatory practices and that, while some class members were awarded as much as $85,000 in recovery benefits under the Global Settlement, he was offered only $3,029. (Opp'n, at 2.)

/////

---

[1] In addition, the court notes that in the final decision on plaintiff's appeal the EEOC itself again specifically stated that plaintiff had a right to file a civil action within ninety calendar days of his receipt of the decision. (Am. Compl., Ex. E at 5-6.)

3

In reply, defendant acknowledges that the notice sent to plaintiff by the EEOC contained the right to sue language, but contends that the language was mere "stock or boilerplate," with no citation to authority, which cannot confer jurisdiction. (Reply at 2.) Defendant argues that there is no statutory basis for the court to exercise subject matter jurisdiction over plaintiff's claim. Defendant also asserts that even if the court had jurisdiction, plaintiff has presented no plausible claim that the Global Settlement agreement approved by the EEOC was not fair and reasonable. Finally, defendant repeats the argument that any substantive claim of discrimination on plaintiff's part would clearly be time-barred. (Id. at 3-4.)

## ANALYSIS

Defendant's motion to dismiss has been brought pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

I. <u>Legal Standards Applicable to Motions Brought Pursuant to Fed. R. Civ. P. 12(b)(1) & (6)</u>

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action. "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." <u>Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.</u>, 594 F.2d 730, 733 (9th Cir. 1979).

In the present case, defendants' Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact as to certain claims set forth in plaintiff's amended complaint. When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, no presumption of truthfulness attaches to the plaintiff's allegations. <u>Id.</u> "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." <u>McCarthy v. United States</u>, 850 F.2d 558, 560 (9th Cir. 1988). When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff will have the burden of proving that

4

jurisdiction does in fact exist. <u>Thornhill Publ'g Co.</u>, 594 F.2d at 733.

The purpose of a motion to dismiss brought pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. <u>N. Star Int'l v. Ariz. Corp. Comm'n</u>, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990). The plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Love v. United States</u>, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. <u>W. Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981). The court is permitted to consider material which is properly submitted as part of the complaint, documents not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688-89 (9th Cir. 2001).

As the court explained during oral argument, defendant's motion to dismiss is made on legal grounds rather than factual grounds. The issues before the court at this time do not concern the merits of plaintiff's claims. Instead, defendant's motion brought pursuant to Rule 12(b)(1) challenges this court's authority to adjudicate the claims plaintiff has alleged against the defendant, while defendant's motion pursuant to Rule 12(b)(6) challenges the court's ability to grant any relief on plaintiff's claims, even if plaintiff's allegations are true.

/////

/////

## II. Applying the Legal Standards

The jurisdictional question presented by the pending motion is unusual and anything but straightforward. As one district court observed not long ago:

> Courts around the country have split over whether federal courts have jurisdiction over lawsuits alleging that the government breached settlement agreements disposing of Title VII claims. The Tenth Circuit and the D.C. Circuit reached conclusions similar to Frahm. See Lindstrom v. United States, 510 F.3d 1191 (10th Cir.2007) (citing Frahm and holding that jurisdiction does not extend to the enforcement of a settlement agreement); cf. Hansson v. Norton, 411 F.3d 231 (D.C. Cir. 2005) (ordering the transfer of a breach of settlement action to the Court of Federal Claims). Other courts have decided that the structure of the EEOC regulations regarding administrative appeals implicitly authorizes district court jurisdiction, see Munoz v. England, 557 F. Supp. 2d 1145, 1157-61 (D. Haw. 2008) (finding a right to file suit based on the regulatory structure of 29 C.F.R. § 1614, Subpart D), or that policy considerations point toward an extension of jurisdiction, see Kraft v. Johanns, [No. 1:04-CV-084,] 2007 WL 2212890 at *11-12 (D. N.D. [July 31, 2007]).

Berry v. Gutierrez, 587 F. Supp. 2d 717, 727 (E.D. Va. 2008). See also Nolan v. Salazar, No. CV 08-1884-PHX-JAT, 2009 WL 3710720, at *3 (D. Az. Oct. 30. 2009) (recognizing the split of authority but granting motion to dismiss because plaintiff had "made no effort" to satisfy his burden of showing that jurisdiction exists); Owens v. West, 182 F. Supp. 2d 180, 190 (D. Mass. 2001).

Defendant has been candid in referring the court to the decision in Munoz v. England, 557 F. Supp. 2d 1145, 1161 (D. Haw. 2008).[2] In that case plaintiff, the commander of a naval shipyard, brought a civil action against the Secretary of the Navy alleging that the defendant had breached a settlement agreement previously entered into by the parties. 557 F. Supp. 2d at 1148. The defendant moved to dismiss, causing the district court to consider whether it had jurisdiction over the claims raised. Noting the same unresolved issue of law recognized by

---

[2] Defendant does attempt to limit the holding in Munoz by describing it as merely finding that the district court "had subject matter jurisdiction for a specific performance of pre-litigation EEOC settlement agreement." (MTD at 6.)

6

the court in Berry, the district court in Munoz concluded as follows:

> Based on a reading of the relevant statutory and regulatory framework, the court finds that it does have subject matter jurisdiction over Plaintiff's breach of settlement agreement claim, but lacks jurisdiction in this case to award any relief beyond specific performance.

557 F. Supp. 2d at 1158.

Likewise, defendant has acknowledged the decision in Rahman v. Johanns, 501 F. Supp. 2d 8, 15 (D.D.C. 2007).[3] (MTD at 8, n.1.) In that case, one quite similar to that presented here, a former government employee brought an action against the Secretary of the USDA which in part challenged the lawfulness of an earlier administrative class action settlement agreement. 501 F. Supp. 2d at 17. In this regard, the plaintiff alleged that the settlement agreement adopted an erroneous class definition resulting in unreasonable and unfair $5,000 lump-sum payment offers to individuals such as himself. Id. at 18. The defendant Secretary moved to dismiss the complaint and the motion was denied. Defendant is correct in stating that in this first order the district court in Rahman did not address the jurisdictional issue raised in the present case. However, that court did subsequently address that issue.

Following the district court's first ruling, the defendant in Rahman again moved to dismiss plaintiff's challenge to the offer he had received under the class action settlement agreement. Rahman v. Johanns, 575 F. Supp. 2d 132 (D.D.C. 2008.) In once again denying the defendant's motion to dismiss without prejudice to its renewal at a later stage of the litigation, the district court observed:

> In addition, the Court has some reservation as to whether it has jurisdiction to review the OFO [EEOC Office of Federal Operations] decision. In the course of researching the issues involved in this case, the Court has found no case in which a federal district court reviewed the merits of an administrative

---

[3] Defendant attempts to limit the holding in Rahman by describing it as a case in which "no jurisdictional challenge was raised" and as "not providing guidance on whether this court has jurisdiction." (MTD at 8, n.1.) For the reasons addressed above, the court does not read the subsequent decision rendered in that case as being quite as limited as suggested by defendant.

7

settlement agreement resolving discrimination claims pursuant to
29 C.F.R. § 1614.204 or any other authority. Notwithstanding that
apparent dearth of authority, the Court is certainly cognizant that
the Administrative Procedure Act provides the basis for judicial
review of a "final agency action for which there is no adequate
remedy in a court," 5 U.S.C. § 706, and defendant has alluded to
the reviewability of the EEOC decisions at issue pursuant to the
APA. *See* Def.'s Opp. to Pl.'s Mot. for Prelim. Injunction at 6
(suggesting that judicial review of EEOC approval of the
settlement agreement should be based on the APA "arbitrary and
capricious" standard). Presumably, then, the EEOC-not USDA-
would receive the traditional deference under that APA standard.
In contrast, plaintiff presumes that Title VII provides the
mechanism for judicial review of the approval of the settlement
agreement, and appears to assume the Court would review *de novo*
whether the EEOC approval of the settlement agreement is "fair,
adequate and reasonable to the class as a whole" under 29 C.F.R. §
1614.204. *See* Compl. at 2-12.

575 F. Supp. 2d at 135.[4]

Here, the court finds itself in much the same circumstance as confronted by the district court in Rahman. The record in this case reflects several instances in which the EEOC and the Office of Federal Operations advised plaintiff of his right to file a civil action in connection with his challenge to the amount offered him as a result of the class action settlement. When coupled with the split in authority over whether federal courts have jurisdiction over lawsuits alleging the government's breach of settlement agreements disposing of Title VII claims, the undersigned is not yet persuaded that defendant is entitled to the dismissal he seeks on jurisdictional grounds.

/////

---

[4] The court then ordered further briefing on a number of issues including "the court's jurisdiction to review the EEOC decisions at issue under the APA or any other federal statute[.]" 575 F. Supp. 2d at 135. Ultimately, the district court granted defendant USDA's motion for partial summary judgment, concluding that plaintiff was not a member of the class and therefore lacked standing to challenge the administrative class action settlement. Rahman v. Johanns, ___ F. Supp. 2d ___, 2009 WL 47848000, at *3-4 (D. D.C. Dec. 14, 2009). The argument could be made that were Rahman to have been found to have standing the court would have concluded that it had jurisdiction to review the EEOC's approval of the settlement, just as a court of appeals would normally evaluate a district court's approval of a class settlement. Id. at *3. It does not appear that the district court in Rahman suggested otherwise.

8

Moreover, the court is also unpersuaded at this time by defendant's argument that plaintiff has failed to state any cognizable claim for relief. Under the authorities discussed above, plaintiff may possibly have a cognizable claim for specific performance, including an accurate re-calculation of his individual award, of the class settlement. See <u>Munoz</u>, 557 F. Supp. 2d at 1158. It is even possible that plaintiff may have a cognizable claim for judicial review of the EEOC's approval of the settlement, just as a court of appeals would normally evaluate a district court's approval of a class settlement. <u>Rahman</u>, 2009 WL 47848000, at *3-4. The present record and the arguments presented by the parties in connection with the pending motion to dismiss do not permit a more definitive determination at this stage of the litigation.

Accordingly, the court will deny defendant's motion to dismiss without prejudice to its renewal. Should defendant elect to renew its motion, counsel should address the issues identified by the court above.

CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that defendant's March 6, 2009 motion to dismiss (Doc. No. 13) is denied without prejudice. Absent the filing of a timely motion for reconsideration by the assigned district judge, within twenty-one days of the date of this order defendant shall file and serve a responsive pleading. If that response is in the form of a renewed motion to dismiss, defendant is directed to address the issues identified above. Following the filing of the responsive pleading, the court will set a scheduling conference if appropriate.

DATED: March 15, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:
Ddad1\orders.prose\fritz2340.mtd